**BILLY J. WILLIAMS OSB #901366**
United States Attorney
District of Oregon
**ADRIAN L. BROWN OSB #050206**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:     (503) 727-1000
Facsimile:      (503) 727-1117
Adrian.Brown@usdoj.gov
         Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **KATHIE CARMER**, | |
| Defendant. | |

1. This action is brought by the United States to enforce the provisions of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 42 U.S.C. § 3612(o).

Page 1 - COMPLAINT

3. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o), in that the events or omissions giving rise to this action occurred in this district.

4. At all times relevant to the complaint, Defendant Kathie Carmer has been the owner and/or manager of a single-family rental property located at 61 Park Village Drive, Florence, Oregon.

5. The subject property is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

6. In November 2018, Elizabeth Shibahara was in the process of becoming the foster parent of her four minor grandchildren.

7. On or about November 28, 2018, Ms. Shibahara called Defendant to inquire about renting the home Defendant had advertised on Craigslist.

8. During the call, Defendant inquired who would be living with Ms. Shibahara. Ms. Shibahara disclosed that her four minor foster grandchildren would be living with her. She also disclosed that she was employed as a nurse at the local hospital. Ms. Shibahara informed Defendant that a babysitter would care for the children during work hours.

9. After learning about her status as a foster grandparent and her plan to hire a babysitter, Defendant made several discouraging statements and then ended the rental application process. Defendant's comments included the following statements: "I never left my grandchildren with a sitter"; "[I don't] feel comfortable with [you] leaving children with a sitter in my rental home"; "there is carpet in the house." Defendant concluded by saying that "[i]t is my business if I am going to rent to you" and "[i]t does not sound like a good fit." Defendant subsequently rented the home to tenants with no children.

10. Defendant did not provide Ms. Shibahara an opportunity to submit her work history, or a rental application. Instead, after Ms. Shibahara stated that she cared for four minor foster children, Defendant refused to rent the property to her with no further inquiry into her qualification to rent the home.

11. Ms. Shibahara subsequently reported Defendant's conduct to the Department of Housing and Urban Development (HUD), alleging that Defendant had discriminated on the basis of familial status in violation of the Fair Housing Act.

12. During interviews with Defendant conducted by HUD, Defendant repeated comments expressing a preference against renting to families with children. Defendant stated that there could be "a continual rotation of children" and claimed that Ms. Shibahara was using "hypothetical income from foster children" to help qualify to rent a home.

13. Ms. Shibahara was interested in Defendant's rental home because it would satisfy the State's foster parent certification requirement - that she had a home large enough for herself and her four foster children - and because it was close to her job, it had a lot of space, and it had a backyard.

14. Ms. Shibahara timely filed a complaint with HUD. Pursuant to the requirements of 42 U.S.C. § 3610(a), (b), and (c) the Secretary of HUD conducted an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendant had committed illegal discriminatory housing practices in connection with the subject property. Therefore, on July 9, 2020, the Secretary issued a Determination of

       Reasonable Cause and Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging that Defendant had engaged in discriminatory practices, in violation of the Fair Housing Act.

15. On July 21, 2020, the complainant, Ms. Shibahara, timely elected to have the charge resolved in a federal civil action, pursuant to 42 U.S.C. § 3612(a).

16. On July 21, 2020, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Ms. Shibahara.

17. The Secretary subsequently authorized the Attorney General to file this action on behalf of the complainant, pursuant to 42 U.S.C. § 3612(o).

## COUNT I

18. Plaintiff, United States of America, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17 above.

19. By the actions and statements set forth above, Defendant has:

    a. Refused to negotiate for the rental of, or otherwise made unavailable or denied a dwelling to a person because of familial status, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling because of familial status, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and,

    c. Made statements with respect to the rental of a dwelling that indicate a preference, limitation or discrimination based on familial status, or an intention to make any such preference, limitation or discrimination, in violation of Section 804(c) of the

Fair Housing Act, 42 U.S.C. § 3604(c).

20. "Familial status" in the Fair Housing Act is defined as:

"one or more individuals (who have not attained the age of 18 years) being domiciled with— (1) a parent or another person having legal custody of such individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person. The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years." 42 U.S.C. § 3602(k).

21. As a result of Defendant's conduct, Ms. Shibahara and her four minor foster grandchildren suffered damages and are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i).

22. Defendant's discriminatory actions and statements as set forth above were intentional, willful, and taken in disregard for the rights of Ms. Shibahara and her foster grandchildren.

WHEREFORE, the United States prays for relief as follows:

1. A declaration that the conduct of Defendant as set forth above violates the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631;

2. An injunction against Defendant, her agents, employees, and successors, and all other persons in active concert or participation with her, from discriminating on the basis of familial status against any person in any aspect of the rental of a dwelling, in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631; and,

3. An award of monetary damages to Ms. Shibahara and her four minor foster grandchildren pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c).

The United States further prays for such additional relief as the interests of justice may require.

Dated this 20th day of August, 2020.

>BILLY WILLIAMS
>United States Attorney
>District of Oregon
>
>*/s/ Adrian Brown*
>ADRIAN L. BROWN
>Assistant United States Attorney
>Attorneys for United States

Page 6 – COMPLAINT

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Kathie Carmer

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lane
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adrian Brown, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204 (503) 727-1003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | [X] 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 3601-3631

Brief description of cause:
Violation of Fair Housing Act alleged by Plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/20/2020

SIGNATURE OF ATTORNEY OF RECORD: /s Adrian L. Brown, Assistant U.S. Attorney, District of Oregon

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse  (Rev. 09/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.